# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
* * *

| | |
|---|---|
| ROBERTO DURAND,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>STATE OF NEVADA NDOC, *et al.*,<br><br>　　　　　Defendants. | Case No. 3:19-CV-00460-ART-CLB<br><br>**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**[1]<br><br>[ECF No. 63] |

This case involves a civil rights action filed by Plaintiff Roberto Durand ("Durand") against Defendant Jessica Lucchesi ("Lucchesi"). Currently pending before the Court is Lucchesi's motion for summary judgment. (ECF Nos. 63, 65.)[2] On December 9, 2022, the Court gave Durand notice of Defendants' motion pursuant to the requirements of *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998). (ECF No. 64.) Despite the Court *sua sponte* granting an extension of time, (ECF No. 66), Durand has failed to file an opposition to the motion. For the reasons stated below, the Court recommends that Lucchesi's motion for summary judgment, (ECF No. 63), be granted.

## I.　FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Durand is an inmate in the custody of the Nevada Department of Corrections ("NDOC"). (ECF No. 1.) On August 6, 2019, Durand submitted a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed *in forma pauperis* for events that occurred while Durand was incarcerated at the Ely State Prison ("ESP"). (ECF Nos. 1-1, 11.) On September 21, 2020, the District Court entered a screening order on Durand's complaint, dismissing his complaint with leave to amend. (ECF No. 10.)

---

[1]　This Report and Recommendation is made to the Honorable Anne R. Traum, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4.

[2]　ECF No. 65 is an erratum to the motion for summary judgment.

On October 2, 2020, Durand filed his first amended complaint ("FAC"), which is the operative complaint in this case. (ECF No. 12.) On May 26, 2021, the District Court screened the FAC, and allowed Durand to proceed on a First Amendment retaliation claim against Lucchesi and an Eighth Amendment deliberate indifference to serious medical needs claim against Lucchesi. (ECF No. 16.) Durand's FAC alleges that he filed a grievance against Lucchesi on October 29, 2019, and Lucchesi began depriving him of medications including pain medication and a boost drink in retaliation for filing the grievance and he suffered pain as a result. (ECF No. 12.)

On February 28, 2022, Lucchesi filed her notice of acceptance of service. (ECF No. 30.) On April 29, 2022, in lieu of filing answer, Lucchesi filed a motion to dismiss the FAC. (ECF No. 32.) On June 13, 2022, the Court ordered the parties to attend a case management conference ("CMC"). (ECF No. 48.) At the CMC held on July 11, 2022, the Court denied the motion to dismiss and further bifurcated discovery in this matter as defense counsel represented that a defense of exhaustion applied to all the claims in the case. (ECF No. 56.)

Accordingly, on December 8, 2022, Lucchesi filed her motion for summary judgment on the sole basis of exhaustion. (ECF No. 63.) Durand did not oppose or otherwise respond to the motion.

II.     **LEGAL STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law applicable to the claim determines which facts are material. *Coles v. Eagle*, 704 F.3d 624, 628 (9th Cir. 2012) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986)). Only disputes over facts that address the main legal question of the suit can preclude summary judgment, and factual disputes that are irrelevant are not material. *Frlekin v. Apple, Inc.*, 979 F.3d 639, 644 (9th Cir. 2020). A dispute is "genuine" only where a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248.

The parties subject to a motion for summary judgment must: (1) cite facts from the record, including but not limited to depositions, documents, and declarations, and then (2) "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Documents submitted during summary judgment must be authenticated, and if only personal knowledge authenticates a document (i.e., even a review of the contents of the document would not prove that it is authentic), an affidavit attesting to its authenticity must be attached to the submitted document. *Las Vegas Sands, LLC v. Neheme*, 632 F.3d 526, 532-33 (9th Cir. 2011). Conclusory statements, speculative opinions, pleading allegations, or other assertions uncorroborated by facts are insufficient to establish the absence or presence of a genuine dispute. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

The moving party bears the initial burden of demonstrating an absence of a genuine dispute. *Soremekun*, 509 F.3d at 984. "Where the moving party will have the burden of proof on an issue at trial, the movant must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun*, 509 F.3d at 984. However, if the moving party does not bear the burden of proof at trial, the moving party may meet their initial burden by demonstrating either: (1) there is an absence of evidence to support an essential element of the nonmoving party's claim or claims; or (2) submitting admissible evidence that establishes the record forecloses the possibility of a reasonable jury finding in favor of the nonmoving party. *See Pakootas v. Teck Cominco Metals, Ltd.*, 905 F.3d 565, 593-94 (9th Cir. 2018); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). The court views all evidence and any inferences arising therefrom in the light most favorable to the nonmoving party. *Colwell v. Bannister*, 763 F.3d 1060, 1065 (9th Cir. 2014). If the moving party does not meet its burden for summary judgment, the nonmoving party is not required to provide evidentiary materials to oppose the motion, and the court will deny summary judgment. *Celotex*, 477 U.S. at 322-23.

Where the moving party has met its burden, however, the burden shifts to the nonmoving party to establish that a genuine issue of material fact actually exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, (1986). The nonmoving must "go beyond the pleadings" to meet this burden. *Pac. Gulf Shipping Co. v. Vigorous Shipping & Trading S.A.*, 992 F.3d 893, 897 (9th Cir. 2021) (internal quotation omitted). In other words, the nonmoving party may not simply rely upon the allegations or denials of its pleadings; rather, they must tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. *See* Fed. R. Civ. P. 56(c); *Matsushita,* 475 U.S. at 586 n. 11. This burden is "not a light one," and requires the nonmoving party to "show more than the mere existence of a scintilla of evidence." *Id.* (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)). The non-moving party "must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor." *Pac. Gulf Shipping Co.*, 992 F.3d at 898 (quoting *Oracle Corp. Sec. Litig.*, 627 F.3d at 387). Mere assertions and "metaphysical doubt as to the material facts" will not defeat a properly supported and meritorious summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986).

When a *pro se* litigant opposes summary judgment, his or her contentions in motions and pleadings may be considered as evidence to meet the non-party's burden to the extent: (1) contents of the document are based on personal knowledge, (2) they set forth facts that would be admissible into evidence, and (3) the litigant attested under penalty of perjury that they were true and correct. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

Upon the parties meeting their respective burdens for the motion for summary judgment, the court determines whether reasonable minds could differ when interpreting the record; the court does not weigh the evidence or determine its truth. *Velazquez v. City of Long Beach*, 793 F.3d 1010, 1018 (9th Cir. 2015). The court may consider evidence in the record not cited by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3).

1  Nevertheless, the court will view the cited records before it and will not mine the record
2  for triable issues of fact. *Oracle Corp. Sec. Litig.*, 627 F.3d at 386 (if a nonmoving party
3  does not make nor provide support for a possible objection, the court will likewise not
4  consider it).

### III.  DISCUSSION

Under the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). The requirement's underlying premise is to "reduce the quantity and improve the quality of prisoner suits" by affording prison officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case. In some instances, corrective action taken in response to an inmate's grievance might improve prison administration and satisfy the inmate, thereby obviating the need for litigation." *Id*. at 524–25.

The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Proper exhaustion means an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90). Thus, exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91.

In the Ninth Circuit, a motion for summary judgment will typically be the appropriate vehicle to determine whether an inmate has properly exhausted his or her administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the

facts." *Id.* at 1166. The question of exhaustion "should be decided, if feasible, before reaching the merits of a prisoner's claim." *Id*. at 1170.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant bears the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino*, 747 F.3d at 1172. If the defendant makes such a showing, the burden shifts to the inmate to "show there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172).

### A.     Analysis

Lucchesi argues Durand failed to appeal all applicable grievances past the informal level to the first level and, therefore, failed to properly exhaust his administrative remedies. (ECF No. 63.) To support his arguments, Lucchesi attaches Durand's grievance history report and copies of the applicable grievances. (ECF Nos. 63-2, 63-3, 63-4, 63-5.)

Grievance numbers 20063079842 ("Grievance 79842"), 20063086917 ("Grievance 86917"), and 20063082842 ("Grievance 82842"), each include the Lucchesi's name or some variation of the spelling. (ECF No. 63-2 at 34, 38-39.) No other grievances name Lucchesi as the allegedly violative official or contain facts similar to those alleged in the FAC. (*See* ECF No. 63-2.)

Grievance 79842 which alleges Durand "had a MJ 30 issue in infirmary and [he] got a 'PREA' charge after this we've had issues on [Lucchesi's] shift I don't get my PRN or boost on this RN's shift a suit on record." (ECF No. 63-3.) Durand's grievance was denied at the informal level. Durand failed to file a first level appeal as required by AR 740. (*See id*.; ECF No. 63-2 at 39.)

In Grievance 82842, Durand alleges Lucchesi was harassing, threatening, and retaliating against Durand. (ECF No. 63-4.) Durand's grievance was again denied at the

1  informal level. Durand failed to file a first level appeal as required by AR 740. (*See id.*;
2  ECF No. 63-2 at 38.)

3  Finally, in Grievance 86917, Durand again alleges Lucchessi was harassing,
4  threatening, and retaliating against Durand. (ECF No. 63-5.) Durand's grievance was
5  denied at the informal level. Durand failed to file a first level appeal as required by AR
6  740. (*See id.*; ECF No. 63-2 at 34.)

7  It is well established that PLRA requires "proper exhaustion" of an inmate's claims.
8  *See Woodford*, 548 U.S. at 90. Proper exhaustion means an inmate must "use all steps
9  the prison holds out, enabling the prison to reach the merits of the issue." *Griffin*, 557 F.3d
10 at 1119 (citing *Woodford*, 548 U.S. at 90). Additionally, "proper exhaustion demands
11 compliance with an agency's deadlines and other critical procedural rules." *Woodford*,
12 548 U.S. at 90. Here, based on the evidence presented, Durand failed appeal any of the
13 above grievances past the informal level. Therefore, Durand failed to follow all required
14 steps to allow prison officials to reach the merits of the issue and Durand did not properly
15 exhaust his administrative remedies pursuant to NDOC Administrative Regulation 740
16 prior to initiating this action.

17 The burden now shifts to Durand "to come forward with evidence showing that
18 there is something in his particular case that made the existing and generally available
19 administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172 (citing
20 *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)). However, Durand did
21 not file an opposition or response to the motion for summary judgment. As such, Durand
22 failed to provide any evidence to show that administrative remedies were unavailable to
23 him. Because Durand presents no evidence that administrative remedies were effectively
24 "unavailable," the Court concludes that Durand failed to exhaust available administrative
25 remedies prior to filing this action as to his First Amendment retaliation and Eighth
26 Amendment deliberate indifference to serious medical needs claims. Therefore, the Court
27 recommends summary judgment be granted in Lucchesi's favor.
28 ///

## IV. CONCLUSION

For good cause appearing and for the reasons stated above, the Court recommends that Lucchesi's motion for summary judgment, (ECF No. 63), be granted.

The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

## V. RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Lucchesi's motion for summary judgment, (ECF No. 63), be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk **ENTER JUDGMENT** in favor of Defendants and **CLOSE** this case.

**DATED**: February 22, 2023.

_____
UNITED STATES MAGISTRATE JUDGE