UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERTO DURAND,<br><br>　　　　　　　Plaintiff,<br>　v.<br>STATE OF NEVADA NDOC, *et al.*,<br><br>　　　　　　　Defendants. | Case No. 3:19-cv-00460-ART-CLB<br><br>ORDER |

*Pro se* Plaintiff Roberto Durand ("Durand") brings this civil rights action against Defendant Jessica Lucchesi ("Lucchesi"). Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 67), recommending that this Court enter an order: granting Defendant's motion for summary judgment. (ECF Nos. 63, 65.)[1] Plaintiff filed an objection. (ECF No. 68.) As explained below, the Court adopts the R&R.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia,* 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

---

[1] ECF No. 65 is an erratum to the motion for summary judgment.

Plaintiff did not oppose the motion for summary judgment, even though the Court sua sponte granted him an extension to oppose the motion. (ECF No. 61.) Plaintiff's objection to the R&R is difficult to understand. He states, "I do have had exhaustions grievance" but also says that the judge stated he did not need to do exhaustion. He also states he will send a notice of appeal and there is no summary judgment. (ECF No. 68). Functionally, Plaintiff provides no legal or factual basis to support his objection.

Because there functionally is no objection, the Court need not conduct *de novo* review, and is satisfied Magistrate Judge Baldwin did not clearly err. Here, on October 2, 220, Durand filed his first amended complaint ("FAC"), which is the operative complaint in this case. (ECF No. 12.) On May 26, 2021, the District Court screened the FAC, and allowed Durand to proceed on a First Amendment retaliation claim against Lucchesi and an Eighth Amendment deliberate indifference to serious medical needs claim against Lucchesi. (ECF No. 16.) Durand's FAC alleges that he filed a grievance against Lucchesi on October 29, 2019, and Lucchesi began depriving him of medications including pain medication and a boost drink in retaliation for filing the grievance and he suffered pain as a result. (ECF No. 12.)

On February 28, 2022, Lucchesi filed her notice of acceptance of service. (ECF No. 30.) On April 29, 2022, in lieu of filing answer, Lucchesi filed a motion to dismiss the FAC. (ECF No. 32.) On June 13, 2022, the Court ordered the parties to attend a case management conference ("CMC"). (ECF No. 48.) At the CMC held on July 11, 2022, the Court denied the motion to dismiss and further bifurcated discovery in this matter as defense counsel represented that a defense of exhaustion applied to all the claims in the case. (ECF No. 56.)

On December 8, 2022, Lucchesi filed her motion for summary judgment on the sole basis of exhaustion. (ECF No. 63.) Durand did not oppose or otherwise respond to the motion.

As the R&R explains, The PLRA requires "proper exhaustion" of an inmate's claims. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Proper exhaustion means an inmate must "use all steps the prison holds out, enabling the prison to reach the merits of the issue." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing *Woodford*, 548 U.S. at 90). Thus, exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudication system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford*, 548 U.S. at 90–91.

A motion for summary judgment will typically be the appropriate vehicle to determine whether an inmate has properly exhausted administrative remedies. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014). "If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56.

Failure to exhaust is an affirmative defense. *Jones v. Bock*, 549 U.S. 199, 216 (2007). The defendant bears the burden of proving that an available administrative remedy was unexhausted by the inmate. *Albino*, 747 F.3d at 1172. If the defendant makes such a showing, the burden shifts to the inmate to "show there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172).

Lucchesi provided evidence that Durand failed to appeal all applicable grievances past the informal level to the first level and, therefore, failed to properly exhaust his administrative remedies. (ECF No. 63.) The burden then shifted to Durand "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino*, 747 F.3d at 1172

(citing *Hilao v. Estate of Marcos,* 103 F.3d 767, 778 n. 5 (9th Cir. 1996)). However, Durand did not file an opposition or response to the motion for summary judgment. As such, Durand failed to provide any evidence to show that administrative remedies were unavailable to him. Because Durand presented no evidence that administrative remedies were effectively "unavailable," Judge Baldwin concluded that Durand failed to exhaust available administrative remedies prior to filing this action as to his First Amendment retaliation and Eighth Amendment deliberate indifference to serious medical needs claims. Therefore, Judge Baldwin recommended summary judgment be granted in Lucchesi's favor.

Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Magistrate Judge Baldwin's Report and Recommendation (ECF No. 67) is accepted and adopted in full.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment (ECF No. 63) is GRANTED;

IT IS FURTHER ORDERED that the Clerk ENTER JUDGMENT in favor of Defendants and CLOSE this case.

DATED THIS 23rd Day of June 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE